# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-991


ROSA BERNARD HENRY

VERSUS

PRECISION HOLDINGS, LLC, ET AL.


**********

ON APPLICATION FOR SUPERVISORY WRITS FROM
THE FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2010-0237
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION
JUDGE**

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

**Joseph C. Giglio, Jr.**
**William E. Kellner**
**Liskow & Lewis, APLC**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Warren A. Perrin**
    **Gerald C. deLaunay**
    **Donald Landry**

**Sera H. Russell, III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 769-3260**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Scott A. Dartez, APLC**

**GREMILLION, Judge.**

From the trial court's denial of their exceptions of no cause of action, improper joinder of parties, and improper use of summary proceedings, Applicants, Warren Perrin, Donald Landry, and Gerald deLaunay, seek supervisory relief. For the reasons that follow, we grant Applicants' request for relief and make it peremptory.

**FACTS**

The underlying suit captioned above is an environmental-damages suit which has been completely settled between the parties. The plaintiff in the underlying action had been represented by several attorneys, including Respondent, Scott A. Dartez, APLC. Mr. Dartez had been in a law partnership known as Perrin, Landry, deLaunay, Dartez & Ouellet (the Firm), but he and another attorney left the Firm. The parties to the partnership entered into a Partnership Termination Agreement. Pursuant to the settlements reached in the underlying suit, $900,000.00 is to be paid to the former members of the Firm.

Mr. Dartez filed a Motion for Division of Attorney's Fees by Summary Proceeding within the underlying suit, even though all claims from the original action had been dismissed through the settlements. In this motion, Mr. Dartez averred that the termination agreement "would mandate that the fees be divided as follows. Nine percent to Mr. Perrin, nine percent to Mr. Landry, nine percent to Mr. Delaunay [sic], and nine percent to Mr. Ouellet. This leaves a remainder of sixty-four percent to go to Mr. Dartez." The motion concludes, "WHEREFORE, SCOTT A. DARTEZ, APLC[,] prays that the former members of his firm, WARREN PERRIN, DONALD LANDRY, AND GERALD DELAUNAY be served with this motion and that the Court set a hearing on a 'Rule Docket' for the resolution of this matter." As stated above, Applicants filed the exceptions of no cause of action, lack of subject matter jurisdiction and improper joinder, and improper use of summary

proceedings. Following a hearing on these exceptions, the trial court denied them. Applicants then filed a notice of intent to seek supervisory relief, followed by their application.

## ANALYSIS

*The exception of unauthorized use of summary proceeding*

The first argument advanced by Applicants is that summary proceedings are inappropriate for disposition of the issues being raised by Respondent's motion. Applicants point out that in order to divide the attorney fees, the trial court must interpret and apply the provisions of the termination agreement. Furthermore, Applicants observe that Respondent seeks a declaratory judgment in his motion. Applicants posit that declaratory judgment actions are by ordinary proceedings, not summary proceedings. Citing La.Code Civ.P. art. 2592, Applicants assert that this article provides an exclusive list of matters which can be tried by summary proceedings, and this motion does not fit within those limited categories. Therefore, Applicants ask that this court reverse the trial court's denial of the exception of improper use of summary proceedings and enter judgment granting this exception.

The transcript of the hearing on Applicants' exceptions is provided to this court as an exhibit to the writ application. During the discussions between counsel and the trial court, the trial court expressed concern over the fact that in a prior meeting in chambers, the trial court had been under the impression that Applicants had filed or were going to file an action to decide the appropriate interpretation of the termination agreement and obtain a judgment adjudicating the appropriate division of attorney fees in all cases involving the Firm.

2

Louisiana Code of Civil Procedure Article 2592 reads:

Summary proceedings may be used for trial or disposition of the following matters only:

(1)　An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees.

(2)　An application for a new trial.

(3)　An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.

(4)　An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.

(5)　The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court;  and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.

(6)　A habeas corpus, mandamus, or quo warranto proceeding.

(7)　The determination of the rank of mortgages, liens, and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.

(8)　The original granting of, subsequent change in, or termination of custody, visitation, and support for a child; support for a spouse; injunctive relief; support between ascendants and descendants; use and occupancy of the family home or use of community movables or immovables; or use of personal property.

(9)　An action to compel an accounting at termination of parental authority;  and an action to seek court approval to alienate, encumber, or lease the property of a minor, to incur an obligation of a minor, or to compromise the claim of a minor.

(10)　An action to annul a probated testament under Article 2931.

(11)　An action to enforce the right to a written accounting provided for in R.S. 9:2776.

(12)  An action for dissolution or specific performance of a compromise entered pursuant to Article 1916(B) or by consent judgment.

(13)  All other matters in which the law permits summary proceedings to be used.

In the motion, Respondent acknowledged that each former member of the Firm is entitled to a portion of the fee.  Therefore, Applicants correctly assert that the current disagreement in this matter is not "[a]n incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees."  The original action is an environmental-damage suit.  The award of attorney fees is not at issue, as no party or attorney in this litigation suggests that the portion to be paid to The Firm is in contention.  To the contrary, as pointed out by Applicants, the dispute features attorneys who were never parties to this litigation grappling over the proper division of the fee—the total amount of which is not in dispute—based on the partnership termination agreement.

The facts distinguish this case from cases in which the disagreement between counsel centers around the proper division of the fee earned when one attorney withdrew and then filed an intervention to protect his interest in the attorney fees. *See,* e.g., *Lawrence v. Wynne*, 598 So.2d 1293 (La.App. 4 Cir.), *writ denied*, 604 So.2d 969 (La.1992).  As pointed out by Applicants, none of the individual members of the Firm became parties to this suit.  Accordingly, Applicants are correct that this is not an incidental matter arising within the course of this suit.  For the same reason, this is not "[a]n issue which may be raised properly by an exception, contradictory motion, or rule to show cause" because these attorneys were never parties to this suit.  Additionally, no other action set forth in Article 2592 has any application to the facts of the instant matter.  As pointed out by Applicants, the list in Article 2592 has been held to be exclusive.  *See State, Dep't of Highways v. Lamar Advert. Co. of*

4

*Louisiana, Inc.*, 279 So.2d 671 (La.1973). The trial court erred in denying this exception, and we grant Applicants' request for relief and make it peremptory.

An exception of unauthorized use of summary proceeding is a dilatory exception. La.Code Civ.P. art. 926. Louisiana Code of Civil Procedure Article 933(B) provides:

> When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.

Accordingly, the matter is dismissed without prejudice, as no amendment can cure the defect created by filing this matter within the underlying suit and attempting to litigate the fee dispute by summary proceeding.

Having maintained the exception of unauthorized use of summary proceeding and dismissed Respondent's action against Applicants, this court need not address Applicants' exceptions of no cause of action or improper joinder of parties.

**WRIT GRANTED AND MADE PEREMPTORY.**